IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SUE WRIGHT | § | |
| | § | CIVIL ACTION NO. 2:20-CV-3:21-cv-2074 |
| V. | § | |
| | § | |
| KATHERINE PUTMAN and | § | |
| ARAMARK FOOD AND SUPORT | § | |
| SERVICES | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE COURT:

PLAINTIFF SUE WRIGHT files this, his Original Complaint, complaining of KATHERINE PUTMAN and ARAMARK, Defendants and for cause of action would respectfully show unto the Court and jury the following, to-wit:.

1. Plaintiff Sue Wright, is a citizen of Hunt County, Texas.

2. Defendant Katherine Putman is a citizen of Hunt County, Texas.

3. Defendant Aramark ("Aramark"), Pennsylvania corporation licensed to do business in the State of Texas and may be served with process by serving its registered agent for service of process, C T Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

## JURISDICTION AND VENUE

4. The Court has proper jurisdiction over this case pursuant to 28 U.S.C. § 1332 of the United States Code. Diversity of citizenship exists in connection with this case and the amount of controversy is in excess of seventy-five thousand ($75,000.00) dollars, exclusive of interest and cost.

5. The Court has personal jurisdiction over Defendant Katherine Putman because Defendant, an individual, is a Texas resident.

6. The relief that Plaintiff seeks is within the Court's subject matter jurisdiction. Plaintiff seeks monetary relief of over $1,000,000.00. The damages Plaintiff seeks are within the jurisdictional limits of the Court.

7. Venue is proper in this case pursuant to 28 U.S.C. § 1391(a)(2) in that all or a substantial amount of the occurrence in question took place in the Eastern District of Texas.

## AGENCY / RESPONDEAT SUPERIOR

8. Whenever it is alleged in this Petition that Defendant Aramark, did any act or thing, it is meant that Aramark's agents, servants, employees, parent agents, ostensible agents, agents by estoppel and/or representatives, including but not limited to Katherine Putman, did such act or thing, and at the time such act or thing was done it was done with Aramark's authorization or was done in the normal routine course of the agency of or employment with Aramark.

## MISNOMER/ ALTER EGO

9. In the event any parties are misnamed or are not included herein, it is Plaintiff's contention that such was a "misidentification", "misnomer" and/or such parties are/were "alter egos" of parties named herein. Alternatively, Plaintiff contends that such "corporate veils" should be pierced to hold such parties properly included in the interest of justice.

## CONDITIONS PRECEDENT, NOTICE, AND OTHER REQUIREMENTS

10. Plaintiff has fully and completely satisfied all conditions precedent, notice provisions, and other requirements of law necessary to the prosecution of this lawsuit and each cause of action asserted herein.

## FACTS

11. This lawsuit results from a motor vehicle collision that occurred on September 24, 2020, at approximately 4:52 pm on State Highway 34 in Hunt County, Texas near the intersection of

County Road 3505. At the time of the collision, Plaintiff was the seat-belted driver of a vehicle being driven northbound on State Highway 34. As Plaintiff approached the intersection of State Highway 34 and County Road 3505, she slowed to turn left onto County Road 3505. At the same time, Defendant Katherine Putman was driving northbound on State Highway 34 behind Plaintiff. Suddenly and without warning, Defendant crashed into the rear of Plaintiff's vehicle, causing serious injury.

12. At all times material hereto, Defendant Katherine Putman was employed by Aramark and was acting at Aramark's direction and for Aramark's benefit.

13. At all times material hereto, Defendant Katherine Putman was in the course and scope of his employment with Aramark.

14. At all times material hereto, Defendant Katherine Putman was engaged in the furtherance of Aramark's business.

15. At all times material hereto, Defendant Katherine Putman was engaged in accomplishing a task for which he was employed by Aramark.

16. At all times material hereto, Defendant Katherine Putman was negligent in the operation of a vehicle owned/operated by Aramark.

## CAUSE OF ACTION OF DEFENDANT KATHERINE PUTMAN

17. The collision made the basis of this suit and the resulting injuries and damages were proximately caused by Defendant Katherine Putman's negligent and negligent *per se* acts and/or omissions including but not limited to one or more of the following:

   a. Failing to control speed in violation of Texas Transportation Code § 545.351(b)(1)-(2);

   b. Failing to keep an assured clear distance between his vehicle and the vehicles in front of him, in violation of Texas Transportation Code § 545.062(a);

   c. Failing to apply his brakes properly and timely as a person of ordinary prudence would have done under the same or similar circumstances;

    d. Failing to keep such lookout as a person of ordinary prudence would have under the same or similar circumstances;

    e. Failing to take such evasive action as a person exercising ordinary care would have done to avoid the collision;

    f. Failure to pay the degree of attention to the vehicles in front of him as a person of ordinary prudence would have used under the same or similar circumstances;

    g. Driving the vehicle recklessly with willful or wanton disregard for the safety of persons or property in violation of Texas Transportation Code § 545.401(a);

    h. Violating the Texas Transportation Code in other respects to be determined constituting negligence *per se*; and

    i. Failing to operate his tractor/trailer in accordance with the laws, ordinances, and regulations found in the Texas Transportation Code, in violation of 49 C.F.R. § 392.2, and resulting in negligence *per se*.

18. Defendant Katherine Putman is independently liable for the foregoing negligent acts and/or omissions. Additionally, Defendant Aramark is vicariously liable for the foregoing negligent acts and/or omissions of Katherine Putman pursuant to the legal doctrine of *respondeat superior*.

19. Each and all of the acts and omissions, singularly or in combination with others, constitute negligence and/or negligence *per se,* which proximately caused the collision made the basis of this action, directly resulting in the injuries and damages to Plaintiff. Plaintiff reserves the right to plead more specifically as facts become more fully known in discovery.

## NEGLIGENCE PER SE OF DEFENDANT KATHERINE PUTMAN

20. Pleading further, Plaintiff would show that Defendant Katherine Putman's conduct violated specific provisions of law, including, but not limited to, sections 545.060(a), 545.061, 545.062, 545.104, and 545.401 of the Texas Transportation Code, Subtitle C, "Rules of the Road," and 49 C.F.R. § 392.2 of the Federal Motor Carrier Safety Act, which were enacted for the protection of the law abiding public, a class of which Plaintiff is a member, and by reason thereof, Defendant Katherine Putman was negligent in the operation of the truck as a matter of law, and

such negligence *per se* singularly or in combination with other acts, was the proximate cause of the occurrence made the basis of Plaintiff's causes of action.

## VICARIOUS LIABILITY OF DEFENDANT ARAMARK

21. Defendant Katherine Putman was an employee and/or statutory employee of Defendant Aramark and was in the course and scope of his employment with Aramark when the subject collision occurred. The negligence/negligence per se of Defendant Katherine Putman is therefore imputed to Defendant Aramark. The negligence/negligence *per se* of Defendant Aramark, both directly and vicariously, was the proximate cause of the collision in question, pursuant to the legal doctrine of *respondeat superior*.

22. In the alternative, Defendant Aramark are responsible for the negligent acts and/or omissions of Defendant Katherine Putman because at the time and place in question, Defendant Katherine Putman was operating a commercial motor vehicle in interstate commerce and he as well as Defendant Aramark were therefore subject to the Federal Motor Carrier Safety Regulations, including 49 C.F.R. § 376.12(c)(1). Accordingly, at all relevant times hereto, Defendant Katherine Putman was a statutory employee of Defendant Aramark, and Plaintiff was a member of the class of persons that 49 C.F.R. § 376.12(c)(1) was designed to protect.

23. In the alternative, Defendant Aramark is responsible for the negligent acts and/or omissions of Defendant Katherine Putman because at the time and place in question, Defendant Katherine Putman was operating a commercial vehicle in interstate commerce and he, as well as Defendant Aramark, were therefore subject to the Federal Motor Carrier Safety Regulations, including 49 C.F.R. § 392.2. In pertinent part, 49 C.F.R. § 392.2 states, "Every commercial motor vehicle must be operated in accordance with the laws, ordinances, and regulations of the jurisdiction in which it is being operated." Accordingly, by violating, or by its employee violating, one or more of the

sections of the Texas Transportation Code listed above, Defendant Aramark also violated 49 C.F.R. § 392.2.

## NEGLIGENCE OF DEFENDANT ARAMARK

24. The occurrence made the basis of Plaintiff's lawsuit and the resulting injuries and damages suffered by Plaintiff were proximately caused by Defendant Aramark's negligent acts and/or omissions including but not limited to one or more of the following:

   a. failing to train and properly supervise its employees;

   b. failing to ensure that its employees keep a proper lookout in the operation of vehicles as a person of ordinary prudence would have kept under the same or similar circumstances;

   c. allowing its employee to operate vehicles without regard for the safety and welfare of other persons or property as an ordinarily prudent person would have under the same or similar circumstances;

   d. failure to ensure that its employees pay the same degree of attention as a person of ordinary prudence would use when faced with the same or similar circumstances as those faced by Defendant Katherine Putman who struck Plaintiff's vehicle when the subject incident occurred;

   e. failure to ensure that its employees properly and timely applied the brakes; and

   f. failure to ensure that its employees who drive its motor vehicles do so at a reasonable and prudent speed.

25. Each and all of the foregoing acts or omissions, singularly or in combination with others, constituted negligence, which proximately caused the occurrence made the basis of this action and Plaintiff's injuries and damages. Plaintiff reserves the right to plead more specifically as facts become more fully known in discovery.

## NEGLIGENT HIRING BY DEFENDANT ARAMARK

26. Plaintiff alleges herein that Defendant Aramark was negligent in the hiring of its employee, Defendant Katherine Putman, who struck Plaintiff's vehicle with the vehicle entrusted to Defendant Katherine Putman by Aramark, in that Defendant Aramark knew, or in the exercise of

reasonable care should have known, that Defendant Katherine Putman was unfit or unqualified for a position that would require him to safely operate motor vehicles.

27. The foregoing act(s) and/or omission(s), alone or in combination with others, constituted negligence, which proximately caused the occurrence made the basis of this action and Plaintiff's injuries and damages. Plaintiff reserves the right to plead more specifically as facts become more fully known in discovery.

## NEGLIGENT TRAINING BY DEFENDANT ARAMARK

28. Plaintiff alleges herein that Defendant Aramark was negligent in the training of its employee in the following particulars:

   a. Defendant Aramark knew, or in the exercise of reasonable care should have known, that its employee, Defendant Katherine Putman, was unfit or unqualified for a position in which he was required to safely operate and drive commercial motor vehicles for profit on the public highways;

   b. Defendant Aramark failed to properly train and/or instruct its employee, Defendant Katherine Putman, for the job he was to perform and for the safe operation of a commercial motor vehicle for profit on the public highways; and

   c. Defendant Aramark failed to instruct or train its employee, Defendant Katherine Putman, concerning the motor vehicle and allowed its employee to drive a motor vehicle when it knew or should have known that the employee was not capable of or qualified in operating the vehicle prudently.

29. Each and all of the foregoing acts or omissions, singularly or in combination with others, constituted negligence, which proximately caused the occurrence made the basis of this action and Plaintiff's injuries and damages. Plaintiff reserves the right to plead more specifically as facts become more fully known in discovery.

## NEGLIGENT SUPERVISION BY DEFENDANT ARAMARK

30. Plaintiff alleges herein that Defendant Aramark was negligent in the supervision of its employee in the following particulars:

    a. Defendant Aramark knew or in the exercise of reasonable care, should have known, that its employee, Defendant Katherine Putman, was unfit or unqualified for a position which he was required to safely operate a motor vehicle for profit on the public highways;

    b. Defendant Aramark failed to supervise its employee, Defendant Katherine Putman, for the job that he was to perform; and

    c. Defendant Aramark failed to supervise its employee, Defendant Katherine Putman, on the date of the incident in question, and allowed or failed to prevent Defendant Katherine Putman from operating Defendant Aramark's vehicle in an unsafe manner.

31. Each and all of the foregoing acts or omissions, singularly or in combination with others, constituted negligence, which proximately caused the occurrence made the basis of this action and Plaintiff's injuries and damages. Plaintiff reserves the right to plead more specifically as facts become more fully known in discovery.

## NEGLIGENT RETENTION BY DEFENDANT ARAMARK

32. Plaintiff alleges herein that Defendant Aramark was negligent in the retention of its employee, Defendant Katherine Putman, in that Defendant Aramark knew or in the exercise of reasonable care should have known, that its employee was unfit or unqualified for a position which he was required to safely operate a commercial motor vehicle. Despite this actual or constructive knowledge, Defendant Aramark negligently retained Defendant Katherine Putman from the date on which he was hired until and including the date of the collision in question. During that time, Defendant Aramark allowed Defendant Katherine Putman to operate or failed to prevent Defendant Katherine Putman from operating its commercial motor vehicle in an unsafe manner.

33. Each and all of the foregoing acts or omissions, singularly or in combination with others, constituted negligence, which proximately caused the occurrence made the basis of this action and Plaintiff's injuries and damages. Plaintiff reserves the right to plead more specifically as facts become more fully known in discovery.

## NEGLIGENT ENTRUSTMENT BY DEFENDANT ARAMARK

34. Plaintiff would further show this Court that Defendant Aramark failed to exercise due care and negligently entrusted a motor vehicle to its employee, Defendant Katherine Putman. Defendant Aramark knew or should have known that Defendant Katherine Putman was not capable of safely operating a motor vehicle. But for Defendant Aramark's negligent entrustment of its commercial motor vehicle to Defendant Katherine Putman, this motor vehicle collision would not have occurred.

35. Each and all of the foregoing acts or omissions, singularly or in combination with others, constituted negligence, which proximately caused the occurrence made the basis of this action and Plaintiff's injuries and damages. Plaintiff reserves the right to plead more specifically as facts become more fully known in discovery.

## **DAMAGES**

36. As a direct and proximate result of the negligent and/or negligent *per se* conduct of the Defendants and the subject collision, Plaintiff sustained serious personal injuries. As a result of these injuries, he has suffered the following damages:

   a. Medical expenses actually paid or incurred by or on behalf of Plaintiff in the past;

   b. Medical expenses that, in reasonable probability, Plaintiff will incur in the future;

   c. Lost wages sustained by Plaintiff in the past;

   d. Loss of earning capacity that, in reasonable probability, Plaintiff will sustain in the future;

   e. Past physical pain and suffering;

   f. Physical pain and suffering that, in reasonable probability, Plaintiff will suffer in the future;

   g. Past mental anguish;

   h. Mental anguish that, in reasonable probability, Plaintiff will suffer in the future;

   i. Past physical impairment; and

    j.    Physical impairment that, in reasonable probability, Plaintiff will suffer in the future.

37.    Plaintiff seeks fair and reasonable compensation for his damages together with pre-judgment and post-judgment interest at the maximum amount for the maximum period allowed by law.

38.    All damages sought herein are within this Court's jurisdictional limits.

## JURY DEMAND

39.    Plaintiff requests that a jury be convened to try the factual issues in this cause.

## PRAYER FOR RELIEF

PREMISES CONSIDERED, Plaintiff prays for issuance of service of citation upon Defendants for actual damages, cost of Court, prejudgment and post-judgment interest, punitive and/ or exemplary damages, attorney's fees, and such other and further relief, general and special, legal and equitable to which Plaintiff may be justly entitled.

Respectfully submitted,
MCKAY LAW, PLLC

Lindsey McKay
State Bar No. 24064154
lindsey@mckaylawtx.com
430 Church Street
Sulphur Springs, Texas 75482
Telephone: (214) 440-3930
Facsimile: (214) 272-2162

**ATTORNEY FOR PLAINTIFF**